UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DARRIN A. McALLISTER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:10cv1488 (WWE) |
| | : | |
| | : | |
| CONNECTICUT RENAISSANCE INC., | : | |
| GREATER BRIDGEPORT | : | |
| ADOLESCENT PREGNANCY | : | |
| PROGRAM, INCORPORATED, | : | |
| PATRICK McAULIFFE, JOSEPH | : | |
| RIKER, LINDA MOSEL, BERNADETTE | : | |
| LYNCH-GUPTA, and | : | |
| SARAH NICHOLS, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANTS'
MOTIONS TO DISMISS AND MOTION TO STAY PROCEEDINGS
AND COMPEL ARBITRATION**

    Plaintiff Darrin McAllister, pro se, alleges violations of Title VII and the Americans with Disabilities Act (ADA) against Connecticut Renaissance, Inc.; Greater Bridgeport Adolescent Pregnancy Program, Incorporated ("GBAPP"); Patrick McAuliffe; Joseph Riker; Linda Mosel; Bernadette Lynch-Gupta; and Sarah Nichols.

    Defendants GBAPP, Sarah Nichols, Patrick McAuliffe, Joseph Riker, Linda Mosel and Bernadette Lynch-Gupta have filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies and failure to state a claim. Connecticut Renaissance has filed a motion to stay proceedings and compel arbitration. For the following reasons, the motions will be granted.

1

## BACKGROUND

The following background is taken from the allegations of the complaint, which are considered to be true for purposes of ruling on a motion to dismiss. The court may also consider documents attached to the complaint as exhibits or incorporated by reference, or matters of which the court may take judicial notice.[1]

Plaintiff alleges that, on April 8, 2008, he was terminated from employment with Connecticut Renaissance due to his race and mental disorders of depression and post-traumatic stress. Two weeks into his employment, plaintiff raised concerns about the number of hours of work expected. He has a medical certificate stating that he could only work part-time twenty-five hours per week.

After he brought up an issue about his annual salary with his supervisor and a representative at the GBAPP, he was told that he needed to get along with "White Anglo Saxon Protestants" or he would not have a future with the agency.

Plaintiff has attached the notice of the right to sue that was also sent to defendant Connecticut Renaissance.

## DISCUSSION

The function of a motion to dismiss for failure to state a claim is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all

---

[1] Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 156 (2d Cir. 2006).

reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, the plaintiff must provide the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

Individual Defendants

As an initial matter, the claims against the individual defendants must be dismissed. Case law establishes that there is no individual liability under Title VII or the ADA for discrimination. Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995) (no individual liability under Title VII); Kennedy v. St. Francis Hosp., 225 F. Supp. 2d 128, 144 (D. Conn. 2002) (no individual liability under ADA); see also Spiegel v. Schulmann, 604 F.3d 72, 79 (2d Cir. 2010) (no individual liability under ADA for retaliation). The motions to dismiss will be granted as to the individuals.

Exhaustion of Administrative Remedies

Defendant GBAPP asserts that this Court should dismiss plaintiff's Title VII and ADA claims due to plaintiff's failure to exhaust his administrative remedies.

A plaintiff claiming employment discrimination pursuant to Title VII or the ADA must pursue administrative procedures pursuant to certain deadlines before commencing a lawsuit.[2] Fitzgerald v. Henderson, 251 F.3d 345, 359-360 (2d Cir. 2001). Exhaustion of the administrative remedies and receipt of a right-to-sue letter is a precondition to a Title VII or ADA claim. Legani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). Exhaustion is not a jurisdictional prerequisite, but is a

---

[2]ADA exhaustion requirements are analogous to those for Title VII claims. Rieger v. Orlor, Inc., 427 F.Supp.2d 105, 114 (D. Conn. 2006).

3

requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). The exhaustion requirement exists to afford the administrative agency the opportunity to investigate, mediate, and take remedial action. Stewart v. United States Immigration and Naturalization Serv., 762 F.2d 193, 198 (2d Cir. 1985).

According to the pleadings, it is undisputed that plaintiff did not name GBAPP as a respondent to his administrative filings. A plaintiff may proceed with a discrimination claim in federal court following an untimely administrative filing where it is appropriate for the court to apply equitable tolling (plaintiff is unaware of his claim due to defendant's fraudulent concealment), equitable estoppel (plaintiff knew of existence of his cause of action but the defendant's conduct caused him to delay bringing suit), or where the claim is "reasonably related" to an EEOC charge that was filed. Anderson v. Derby Bd. of Educ., 718 F. Supp. 2d 258, 271 (D. Conn. 2010).

Another exception exists if there is a "clear identity of interest between the unnamed defendant and the party named in the administrative charge." Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991). This exception has been held applicable where the administrative filings have been filed pro se. Anderson, 718 F. Supp. 2d at 275. In order to determine identity of interests, the court considers: (1) whether the complainant at the time of filing the EEOC complaint could have ascertained the role of the unnamed party through reasonable effort; (2) whether the interests of the named and unnamed parties are so similar that it would be unnecessary to obtain the unnamed party's participation in EEOC voluntary conciliation and compliance proceedings; (3) whether the unnamed party suffered actual prejudice due to its absence from the EEOC

4

proceedings; and (4) whether the unnamed party represented to the complainant that its relationship to the complainant was to be through the named party. Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1241-42 (2d Cir. 1995). These exceptions have not been addressed in any brief submitted.

However, plaintiff does explain in his brief that he was told that his position represented a "contractual agreement" between GBAPP and Connecticut Renaissance "based in part to a grant of $500,000 from the substance Abuse & Mental Health Services Administration (SAMHSA)." He also states that, after his firing, he sent an email to Nancy Kingswood, HIV Coordinator at the GBAPP. She never responded but Sarah Nichols, the Director of the GBAPP, did respond by asking that plaintiff not contact her or Ms. Kingswood again. He argues that GBAPP is under the jurisdiction of the Connecticut Commission on Human Rights and Opportunities because it had the authority to name witnesses. Thus, according to plaintiff's own factual account, GBAPP was not involved as an employer in the discriminatory acts that allegedly resulted in the Title VII and ADA violations. See Crawford v. Lutheran Med. Ctr., 2011 WL 887806 (E.D.N.Y. 2011) (Title VII prohibits employers from discriminating against employees with respect to their employment); Griffin v. Brighton Dental Group, 2011 WL 841353, *4 (W.D.N.Y. 2011) (ADA discrimination claim prohibits discriminatory acts by employers).

Accordingly, plaintiff has not stated the factual allegations necessary to bring a plausible claim against GBAPP, and in light of his assertion that GBAPP is a witness to his discrimination, he cannot state the requisite allegations and an amendment to the

pleading would be futile. Accordingly, the motion to dismiss the claims against GBAPP will be granted.

Motion to Stay Proceedings and to Compel Arbitration

Defendant Connecticut Renaissance seeks to compel arbitration of plaintiff's claims because plaintiff signed an agreement to arbitrate all claims arising out his employment.

A request to compel arbitration requires the court to apply a standard similar to that applicable to a motion for summary judgment. Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003). In the instant case, both parties have had the opportunity to develop a factual record sufficient to resolve the issue of arbitrability, since defendant Connecticut Renaissance has submitted exhibits and plaintiff has filed a response. See Santos v. GE Capital, 397 F. Supp. 2d 350, 353 (D. Conn. 2005). The Court will consider whether any genuine dispute of material fact precludes granting defendant's motion.

The Federal Arbitration Act ("FAA") codifies a federal policy favoring arbitration as an alternative to litigation. See, e.g., Perry v. Thomas, 482 U.S. 483, 488 (1987). To determine whether to compel arbitration, the Court must consider whether the parties entered into a contractually valid arbitration agreement; and if so, whether the dispute falls within the scope of the arbitration agreement. Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel, 346 F.3d 360, 365 (2d Cir. 2003). "Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985).

Generally, in light of the strong federal policy favoring arbitration, courts have approved of compulsory arbitration of federal statutory rights, including employment discrimination claims, so long as the claimant can vindicate his rights. <u>Gold v. Deutsche Aktiengesellschaft</u>, 365 F.3d 144, 150 (2d Cir. 2004). Courts can only invalidate arbitration agreement based on contract defenses such as fraud, duress or unconscionability. <u>Ferguson v. United Healthcare</u>, 2008 WL 5246145, *3 (D. Conn. 2008).

In this instance, the arbitration agreement provides that: (1) the agreement to arbitrate was consideration for plaintiff's continued employment; (2) the agreement covers claims related to employment termination; (3) any claims should be filed no later than the expiration of the relevant statute of limitations prescribed by law; (4) each party shall have the right to limited discovery, although the arbitrator may grant requests for additional discovery; and (5) an arbitrator may award reasonable attorney fees and costs to a prevailing party according to the standards set by law. Upon review, the Court finds that the arbitration agreement allows for vindication of plaintiff's federal statutory rights. No genuine issue of disputed fact exists to preclude a finding that the arbitration agreement is valid and that plaintiff's claims are covered by the agreement. The motion to stay and compel arbitration will be granted.

## **CONCLUSION**

Based on the foregoing, the motions to dismiss are GRANTED [docs. #16 and 19] and the motion to stay and compel arbitration [doc. #22] is GRANTED.

_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated this __5th___ day of April, 2011 at Bridgeport, Connecticut.